1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6

7 ELMER COTTON,                                    )
                                                  )
8                           Plaintiff,            )        Case No. 2:07-cv-00193-PMP-PAL
                                                  )
9 vs.                                             )        **ORDER**
                                                  )
10 CITY OF LAS VEGAS, et al.,                     )        (M/Appointment of Counsel - #2)
                                                  )        (M/Serve Summons and Complaint -#3)
11                          Defendants.           )        (M/Initial Discovery - #4)
   _____   )

12

13        This matter is before the court on three of plaintiff's motions: his Request for Appointment of

14 Counsel (#2), his Request for U.S. Marshal to Serve Summons and Complaint (#3), and his Request for

15 Initial Discovery (#4).  The plaintiff is proceeding in this action *pro se*.

16        The plaintiff filed his Complaint (#1) in this matter on February 14, 2007 alleging that the City

17 of Las Vegas and its unknown employees and contractors demolished apartments on plots of land co-

18 owned by the plaintiff without providing him prior notice in violation of the takings clause of the Fifth

19 Amendment and the Uniform Code for the Abatement of Dangerous Buildings.  The motions presently

20 before the court were filed simultaneously with the complaint in this matter.

21 **I.     Request for Appointment of Counsel**

22        The plaintiff requests that the court appoint him counsel because he "is on his Social Security

23 pension and makes this request in the interest of justice."

24        In civil cases the district court may only appoint counsel to litigants proceeding *in forma*

25 *pauperis* pursuant to 28 U.S.C. § 1915(e)(1).  That statute does not authorize courts to require counsel

26 to represent such litigants, but only to request such representation on a *pro bono* basis.  See Mallard v.

27 United States Dist. Ct., 490 U.S. 296, 304-05 (1989).  The appointment of counsel pursuant to section

28 1915(e)(1) is limited to cases presenting exceptional circumstances.  See Aldabe v. Aldabe, 616 F.2d

1   1089, 1093 (9th Cir. 1980) (per curiam).  Appointment of counsel is not a matter of right.  See Ivey v.

2   Board of Regents, 673 F.2d 266 (9th Cir. 1982).

3          An application for appointment of counsel must comply with criteria set forth in Bradshaw v.

4   Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981).  Before appointing counsel to plaintiff,

5   the Ninth Circuit decision in Bradshaw requires the court to consider (1) plaintiff's financial resources,

6   (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on

7   the merits.  Id. at 1318.

8          Applying the Bradshaw criteria, plaintiff's case does not merit the appointment of counsel.  The

9   plaintiff's motion does not indicate he has met any of the Bradshaw criteria.  The plaintiff did not file

10  an application to proceed in forma pauperis, and instead paid the filing fee.  While the plaintiff may be

11  of limited financial means, his decision to pay the filing fee, rather than file an application to proceed in

12  forma pauperis, precludes the court from making a finding at this time that the plaintiff is indigent.  The

13  plaintiff also does not indicate in his motion that he has made any attempt to retain or hire an attorney.

14  In addition, plaintiff has not established that he is likely to succeed on the merits.  Therefore, the

15  plaintiff's request for an appointment of counsel will be denied.

16  **II.      Request for the U.S. Marshal to Serve Summons and the Complaint**

17         The plaintiff asks the court for an order requiring the U.S. Marshal to serve summons and the

18  complaint on the named defendants, and for the Clerk of the Court to send him all necessary forms.

19  Although the plaintiff is proceeding in this action pro se, he is not entitled to service of summons and

20  the complaint by the U.S. Marshal or at government expense.  Service of summons and the complaint at

21  government expense by the U.S. Marshal is only afforded to plaintiffs who have been granted in forma

22  pauperis status by the court upon proof of indigency that would prevent the individual from paying the

23  filing fee.  See 28 U.S.C. § 1915(d).  In the instant matter, the plaintiff has paid the filing fee and did

24  not file an application to proceed in forma pauperis.  Therefore, he does not qualify under § 1915(d) for

25  service of summons and the complaint at government expense by the U.S. Marshal, and his motion to

26  do so will be denied.

27  / / /

28  / / /

**III.     Request for Initial Discovery**

The plaintiff's third motion requests the court "all the plaintiff to make initial discovery to ascertain the names, titles, and addresses of all defendants . . . so that the U.S. Marshals can properly serve the defendants."  The plaintiff's request is not entirely clear, however, it appears he wants to initiate discovery to ascertain the identities of the unknown employees and contractors of the City of Las Vegas he names in his complaint as being responsible for the demolition of the apartments on his land.

Although the plaintiff does not name the City of Las Vegas in the caption of the complaint, the complaint itself refers to the City of Las Vegas as a defendant against which relief is sought.  Since the plaintiff does not need to conduct discovery in order to serve summons and the complaint on the City of Las Vegas, the plaintiff must serve the City of Las Vegas in a manner authorized by law and within the time limits imposed by Fed. R. Civ. P. 4(m).

With respect to the unknown City of Las Vegas employees and contractors, the plaintiff's request for discovery to ascertain their identities is premature.  Federal Rule of Civil Procedure 26(d) governs the timing of discovery in cases in federal court, and provides in pertinent part that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  The Local Rules of Practice provide that "[c]ounsel for the plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears."  See L.R. 26-1(d).  At a Rule 26(f) conference, the parties must discuss, among other items, when the parties shall make the mandatory disclosures required by Rule 26(a)(1).  If the plaintiff consults Rule 26(a)(1), he will discover that it likely provides for the discovery he seeks.  Therefore, his motion will be denied.

Accordingly,

**IT IS ORDERED**

    1.     Plaintiff's Request for Appointment of Counsel (#2) is DENIED.

    2.     Plaintiff's Request for U.S. Marshal to Serve Summons and Complaint (#3) is DENIED.

/ / /

1          3.      Plaintiff's Request for Initial Discovery (#4) is DENIED.

2      Dated this 29th day of March, 2007.

3

4                                          _____
                                           PEGGY A. LEEN
5                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28